# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARLTON MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:16-CV-00488-JAR |
| ) | No. 4:14-CR-00353-JAR-1 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Return of Seized Property Not Admitted as Evidence filed in his underlying criminal case, United States v. Carlton A. Miller, No. 4:14CR00353-JAR-1 (Doc. No. 46), and the Government's Motion to Dismiss Plaintiff's Motion for Return of Property filed herein (Doc. No. 13), which the Court has construed as a response to Petitioner's motion. The matter is fully briefed and ready for disposition.

On November 5, 2014, Petitioner Carlton Miller was indicted on charges of Production of Child Pornography and Receipt of Child Pornography in Cause No. 4:14CR-00353-JAR-1. On January 8, 2015, he pled guilty to both counts of the Indictment. On April 9, 2015, Miller was sentenced to 360 months in prison and a life term of supervised release. On August 4, 2016, Miller, proceeding *pro se*, filed his motion for return of property previously seized and forfeited in his criminal case, arguing that much of the property seized was not connected to the charges against him or used as evidence in the case. This property includes: "one i-Phone; one set of keys with one key-fob; two CD media disks; eight DVD media disks; and numerous digitally stored documents and information of tax records, business files, music, and personal photographs and videos of myself/family/friends/pets." Miller contends the remaining hardware, i.e., "one-HP Pavilion Laptop

computer; one-Iomega EGO external hard drive; and one Samsung Galaxy cell phone," can safely be returned after the memory has been wiped.

The Government moved to dismiss Miller's motion on the grounds that he agreed to the forfeiture of the subject property in his Plea Agreement and thus waived his right to file a motion for the return of property. Miller responds that because the Court did not sentence him in accordance with the parties' recommended sentence, the Plea Agreement is null and void, and therefore unenforceable. He also argues the Government has no continuing interest in the property at issue. The Government replies that the Court was not bound to accept the parties' recommended sentence in this case. The Government has also indicated its willingness to return a few items of Miller's property since they are not contraband or evidence in this case, namely, his keys, eight DVDs and two CDs.

Miller's argument that the Plea Agreement is void and unenforceable is meritless. A plea agreement is a contract between a defendant and the government. United States v. Bradford, 433 F. Supp. 2d 1001, 1003 (N.D. Iowa 2006) (citing Margalli-Olvera v. INS, 43 F.3d 345, 351 (8th Cir. 1994). By its terms the Plea Agreement is not binding on the Court. ("The parties understand that the District Court is neither a party nor bound by the recommendations agreed to in this document.") (Guilty Plea Agreement ("Plea Agreement"), Doc. No. 31 at ¶¶ 1, 2) See United States v. Schiradelly, 617 F.3d 979, 982 (8th Cir. 2010); United States v. Gillen, 449 F.3d 898 (8th Cir. 2006). Further, by entering into the plea and signing the Plea Agreement, Miller agreed to forfeit "all of [his] interest in all items seized by law enforcement officials during the course of their investigation, including, but not limited to the Samsung Cell Phone, HP Pavilion Laptop, and all external hard drives including the Iomega external USB hard drive." (Id. at ¶ 8(g)). Miller also admitted facts in the Plea Agreement and at the time of the plea establishing that his computer and computer-related devices, as well as all data stored thereon, was an instrumentality of the offenses

to which he pled guilty and thus subject to forfeiture. The Court will direct the Government to return those items of property the Government has consented to return and deny Miller's motion in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Return of Seized Property Not Admitted as Evidence [46] is **GRANTED** in part by agreement as to Miller's four (4) keys, eight (8) DVDs and two (2) CDs. These items of property shall be returned upon agreeable terms and conditions. In all other respects, the motion is **DENIED.**

Dated this 25th day of October, 2016.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**