# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARLTON MILLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:16-CV-00488-JAR ) No. 4:14-CR-00353-JAR-1 |
| UNITED STATES, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On August 4, 2016, Petitioner, proceeding *pro se*, filed a motion for return of property previously seized and forfeited in his criminal case, Cause No. 4:14CR-00353-JAR-1. That same day, the Government filed a Motion to Dismiss Petitioner's Motion for Return of Property. The Court ordered Petitioner to file a response to the Government's motion no later than August 12, 2016 (Doc. No. 14); Petitioner's response was received and filed on August 15, 2016 (Doc. No. 15). On October 13, 2016, the Government filed a reply to Petitioner's response (Doc. No. 21). On October 25, 2016, the Court granted Petitioner's Motion for Return of Seized Property in part by agreement of the parties and ordered certain items of his property to be returned (Doc. No. 22) On October 26, 2016, Petitioner filed a Motion To Strike Second Response as Untimely Filed Without Leave and Redundant, apparently referring to the Government's reply to his Response to the Government's Motion to Dismiss Petitioner's Motion for Return of Property, filed on October 13, 2016 (Doc. No. 23).

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the district court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an

action is an "extreme and disfavored measure." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000); Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). Motions to strike are properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as "a complaint and an answer; a reply to a counterclaim ...; an answer to a cross claim ...; a third-party complaint ...; and a third party answer." Fed. R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice § 12.37[2] (3rd ed.2008). See Coleman v. City of Pagedale, No. 4:06–CV–1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan. 15, 2008) (sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike).

Even construing Petitioner's motion to strike as an objection to the Government's filing, Petitioner has not shown the Government's arguments to be redundant and surplusage. To the extent the Government's reply was untimely filed, the Petitioner has not demonstrated any prejudice related thereto.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion To Strike Second Response as Untimely Filed Without Leave and Redundant [23] is **DENIED**.

Dated this 31st day of October, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE